IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANA SANCHEZ,<br>3210 Otis St.<br>Mount Rainier, MD 20712<br><br>**Plaintiff,**<br><br>v.<br><br>**DEVASHISH HOSPITALITY, LLC**<br>**d.b.a. GREAT WRAPS**<br>1300 Pennsylvania Ave.<br>Washington, D.C. 20004<br><br>**SAROJ BHATTARAI**<br>5800 Quantrell Ave., #311<br>Alexandria, VA 22312<br><br>**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Ana Sanchez, through her attorneys, brings this Complaint against Devashish Hospitality, LLC d.b.a. Great Wraps ("Great Wraps") and Saroj Bhattarai for unpaid wages, and hereby alleges as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of Defendants' failure to pay Plaintiff all earned overtime wages and failure to compensate Plaintiff for all time worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Law, D.C. Code Ann. § 32-1001 *et seq.* ("DCMWL"), and the D.C. Wage Payment and Collection Law, D.C. Code Ann. § 32-1301 *et seq.* ("DCWPCL").

1

2. Devashish Hospitality, LLC operates as a restaurant, Great Wraps, (d/b/a as "Great Wraps") located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

3. Defendant Saroj Bhattarai is an owner and operator of Devashish Hospitality, LLC d/b/a. Great Wraps, and is a resident of Virginia.

4. Defendants issued paychecks and paid cash to Plaintiff for work performed in Washington, D.C.

5. Defendants paid Plaintiff her regular hourly wage for hours worked in excess of forty (40) hours, in violation of the requirement that Defendants pay employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

7. This Court has supplemental jurisdiction over Count II, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count II arise from a common set of operative facts with Count I. The claims in Count II are so related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

8. This Court has supplemental jurisdiction over Count III, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count III arise from a common set of operative facts with Count I. The claims in Count III are so

related to the claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391(b) because a substantial part of Defendants' actions and omissions giving rise to the claims in this Complaint occurred in the District of Columbia.

10. Defendants frequently do business in the District and are subject to personal jurisdiction in the District.

**PLAINTIFF**

11. Plaintiff Ana Sanchez is an adult resident of Maryland.

12. Ms. Sanchez worked for Defendants as a food preparer, performing non-exempt work at Defendants' Washington, D.C. fast-food restaurant, Great Wraps, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

13. Ms. Sanchez worked at Great Wraps from on or about September 1998 to approximately November 2015.

14. Ms. Sanchez is Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and as that term is interpreted pursuant to D.C. Code Ann. § 32-1002(2).

15. Defendants were Ms. Sanchez's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

16. Defendants were Ms. Sanchez's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3).

17. Defendants were Ms. Sanchez's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1301(1).

3

## DEFENDANTS

18. Defendant Devashish Hospitality, LLC is a Virginia corporation and a D.C. domestic corporation, which does business in this judicial district.

19. Defendant Devashish Hospitality, LLC operates as a fast-food restaurant, Great Wraps, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

20. At all times relevant, Devashish Hospitality, LLC had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, and bind and set wage and hour policies applicable to Plaintiff.

21. Defendant Devashish Hospitality, LLC is an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

22. Defendant Devashish Hospitality, LLC is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3).

23. Defendant Devashish Hospitality, LLC is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1301(1).

24. Defendant Saroj Bhattarai is a Virginia resident who owns and/or operates a fast-food restaurant, Devashish Hospitality, LLC d/b/a Great Wraps, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

25. At all times relevant, Saroj Bhattarai had and exercised both actual and apparent authority to hire and fire Plaintiff, direct and supervise Plaintiff's work, set Plaintiff's work schedule, and bind and set wage and hour policies applicable to Plaintiff.

26. Defendant Saroj Bhattarai is an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

27. Defendant Saroj Bhattarai is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3).

28. Defendant Saroj Bhattarai is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § § 32-1301(1).

## STATEMENT OF FACTS

29. Plaintiff Ana Sanchez is an adult resident of Maryland.

30. Ms. Sanchez worked for Defendants as a food preparer, performing non-exempt work at Defendants' Washington, D.C. fast-food restaurant, Devashish Hospitality, LLC d.b.a. Great Wraps, located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

31. Ms. Sanchez worked at Great Wraps from on or about September 1998 to approximately November 2015.

32. Defendants operate a fast-food restaurant located at 1300 Pennsylvania Ave., Washington, D.C. 20004.

33. At that time Defendant Bhattarai told Ms. Sanchez that he would not comply with DOL policies.

34. Defendants assigned Plaintiff tasks and directed the means of carrying out those tasks.

35. Defendants monitored and evaluated Plaintiff's job performance.

36. Defendants controlled Plaintiff's work schedule and employment status.

37. Defendants paid Plaintiff an hourly wage.

38. Defendants paid Plaintiff by a combination of check and cash.

39. When Defendants paid Plaintiff by check, Defendants did not furnish to Plaintiff an itemized statement showing the gross wages paid, a breakdown of overtime and non-overtime hours, and an itemization of the deductions taken from the wages Plaintiff

5

earned. *See e.g.* exhibit 1, copies of Ms. Sanchez's paychecks dated July 13, 2015, August 10, 2015, and August 26, 2015.

40. Ms. Sanchez often worked over 40 hours per week for Defendants.

41. In or around 2012 to the end of 2014, Ms. Sanchez frequently worked seven days a week.

42. In or around 2012 to the end of 2014, Ms. Sanchez often worked approximately 60 hours per week.

43. Since approximately December 2014 to the termination of her employment, Ms. Sanchez often worked approximately 45 hours per week.

44. The exact number of hours Plaintiff worked for Defendants can only be determined through discovery.

45. Defendants issued Plaintiff pay checks for those work hours up to 40 hours per week.

46. Defendants paid Ms. Sanchez in cash for overtime hours.

47. Defendants did not pay Ms. Sanchez one and one-half times her regular rate of pay for her overtime hours, but instead, paid her "straight time" for those hours.

48. At times Ms. Sanchez observed that Defendant Bhattarai destroyed some of the timecards on which Defendants recorded Ms. Sanchez' overtime hours.

49. Defendants knowingly required Plaintiff to work in excess of forty (40) hours in some workweeks.

50. At all times relevant, Plaintiff was a "non-exempt" employee for the purposes of coverage under the FLSA and DCMWL.

51. Defendants failed to pay Plaintiff overtime wages for the work she performed for Defendants in excess of 40 hours in any one workweek in violation of the requirement to

pay time and one-half Plaintiff's regular rate of pay pursuant to the FLSA, 29 U.S.C. § 207(a), the DCMWL, D.C. Code Ann. § 32-1003(c), the DCWPCL, D.C. Code Ann. § 32-1302.

52. At times relevant to this action, Defendants failed to comply with the posting requirements of 29 C.F.R. § 516.4 and D.C. Code Ann. §32-1009.

53. Defendants were and are aware that the FLSA, the DCMWL, and the DCWPCL require Defendants to pay all employees overtime wages at one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours each workweek.

54. Defendants were and are aware that the FLSA and the DCMWL, and the DCWPCL require Defendants to pay all employees the statutory minimum wage for all hours worked.

55. The FLSA requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. 29 C.F.R. §516, *et seq*.

56. The DCMWL requires Defendants to maintain detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. D.C. Code Ann. § 32-1008.

57. The wages Defendants withheld from Plaintiff were not withheld as a result of a bona fide dispute.

**COUNT I: VIOLATION OF THE
FAIR LABOR STANDARDS ACT**

58. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

59. Plaintiff worked for Defendants as a food preparer and performed "non-exempt" duties under the FLSA.

60. During her employment with Defendants, Plaintiff regularly worked more than forty hours a week.

61. Plaintiff was not exempt from being paid the federal minimum wage, or overtime wages at a rate of one-and-one-half times the federal minimum wage for hours worked over forty (40) in a workweek.

62. In violation of the FLSA, Defendants did not pay Plaintiff either the statutorily mandated minimum wage and/or overtime wages for her work as a food preparer for Defendants.

63. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

## COUNT II: VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE LAW

64. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. Plaintiff was not exempt from being paid the District of Columbia minimum wage, or overtime wages at a rate of one-and-one-half times the District of Columbia minimum wage for hours worked over forty (40) in a workweek.

66. In violation of the DCMWL, Defendants did not pay Plaintiff either the statutorily mandated minimum wage and/or overtime wages for her work as a food preparer for Defendants.

67. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

## COUNT III: VIOLATION OF THE DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW

68. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

69. Plaintiff is an "employee" within the meaning of the DCWPCL. *See* D.C. Code Ann. § 32-1301(2).

70. Defendant is an "employer" within the meaning of the DCWPCL. *See* D.C. Code Ann. § 32-1301(1).

71. The DCWPCL requires that employers pay their employees all wages earned at least twice during each month. *See* D.C. Code Ann. § 32-1302.

72. The DCWPCL requires employers to make timely payment of all wages owed to employees who quit, resign, or are released by the employer. *See* D.C. Code Ann. § 32-1303(1), (2).

73. Defendant violated the DCWPCL by failing to pay Plaintiff her entire minimum and overtime wages, as required by D.C. Code Ann. § 32-1302.

74. The wages Defendants withheld from Plaintiff were not withheld as the result of a bona fide dispute.

75. Defendant is liable to Plaintiffs under the DCWPCL for her unpaid minimum and overtime wages, plus three times that amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court. *See* D.C. Code Ann. §§ 32-1302, 32-1303(4), 32-1308.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ana Sanchez demands judgment against the Defendants, jointly and severally, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of her damages, and the costs of this action, and further requests that the Court enter judgment against Defendants, jointly and severally, and:

A. Award Plaintiff any owed minimum wages and overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

B. Award Plaintiff any owed minimum wages and overtime wages, plus an equal amount in liquidated damages, pursuant to D.C. Code Ann. §§ 32-1003 and 1012.

C. Award to Plaintiff her costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b) and D.C. Code Ann. §§ 32-1012(c) and 32-1308(b).

D. Award Plaintiff her unpaid minimum wages and overtime, liquidated damages equal to treble the amount of unpaid wages, as well as court costs, and reasonable attorney's fees and expenses pursuant to D.C. Code Ann. § 32-1012 and 32-1308.

E. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Daniel A Katz*
Daniel A. Katz, Bar No. 447412
Law Offices of Gary M. Gilbert & Associates
1100 Wayne Ave., Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880; Fax: (301) 608-0881
dkatz@ggilbertlaw.com